United States District Court
Southern District of Texas
**ENTERED**
February 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANKLIN S. SIMMS <br>     Plaintiff | § § § § | |
| vs. | § § § | CIVIL ACTION NO. B-13-230 |
| CUSTOMS AND BORDER PROTECTION <br> EMPLOYEES 2012 AND 2013, et al. <br>     Defendants | § § § | |

## REPORT & RECOMMENDATION

Plaintiff, proceeding pro se, has tendered a civil rights complaint against a myriad of unspecified Defendants. The tendered complaint includes facially fantastical allegations that the U.S. Government and President attempted to murder him, that law enforcement stole his car, that the Government has obtained billions of dollars worth of pornographic images of him, and that the court system is corrupt, among other allegations.[1]

This case was originally filed in the Brownsville Division and then later assigned to this Court in McAllen, following recusals by the District Judges in the Brownsville Division. (*See* Dkt. Sheet.) This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

---

[1] This is not Plaintiff's first action involving fantastical claims in this Division. In M-13-111, Plaintiff filed a civil action against Walmart, alleging that various private businesses, including Walmart, obtained, distributed, and projected in their stores pornographic images of Plaintiff. The Honorable Micaela Alvarez dismissed his claims with prejudice as frivolous and because "evidence exists of bad faith, manipulative tactics, or litigiousness," and she denied his IFP application as moot. (M-13-111, Dkt. Entry No. 5.)

Pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). (Dkt. Entry No. 2.) Pending also is Plaintiff's Motion for the Court to Provide Copies of Legal Documents. (Dkt. Entry No. 11.)

After a review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's IFP application be **DENIED** as moot, Plaintiff's action be **DISMISSED** without prejudice for want of prosecution and failure to comply with a court order, and this case be closed. It is also recommended that Plaintiff's Motion for the Court to Provide Copies of Legal Documents (Dkt. Entry No. 11) be **DENIED** as moot.

## I. BACKGROUND

Plaintiff tendered his civil rights complaint in November 2013, along with a Motion for Leave to Proceed IFP. After the undersigned reviewed his IFP motion, it was evident that he failed to provide sufficient and proper documentation to evaluate his eligibility to proceed IFP. As such, the undersigned issued a Notice of Deficiency and Order on September 11, 2014. (Dkt. Entry No. 14.) It explained that Plaintiff's IFP motion was hand-written and self-styled and, as a result, was inadequate and incomplete for a number of reasons. (*Id.*) For example, Plaintiff did not include any financial information in his IFP motion. Thus, in order to ensure that all relevant information was provided to the Court, Plaintiff was ordered to complete the standardized IFP form application, which was provided to Plaintiff with the Notice of Deficiency and Order, and Plaintiff was ordered to complete in full the standardized IFP form application on or before October 13, 2014. (*Id.*)

Plaintiff never responded to the Notice of Deficiency and Order. (*See* Dkt. Sheet.) Plaintiff was warned in the Order that a failure to comply with the Order could result in dismissal of his action. (Dkt. Entry No. 14.) In September 2014, the Notice of Deficiency and Order was returned

as undeliverable. (Dkt. Entry No. 15.) The docket sheet reflects that Plaintiff has not communicated with the Court since January 2014.

## II.  APPLICABLE LAW & FINDINGS

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630–31 (1962)); *see* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

Plaintiff failed to comply with this Court's Notice of Deficiency and Order, and he was warned that a failure to comply with the Order could result in dismissal of his action. Plaintiff has not communicated with this Court in over three years. Plaintiff's mail is being returned as undeliverable. Plaintiff's failure to comply with this Court's Order and his lack of communication with the Court regarding his civil rights action provide an adequate basis for dismissal of Plaintiff's action without prejudice for want of prosecution and for failure to comply with a court order. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal); *McCullough*, 835 F.2d at 1127. Moreover, any lesser sanction would be futile at this point due to Plaintiff's failure to maintain a current address with the Court. *See Larson*, 157 F.3d at 1032; *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (supporting dismissal without

prejudice for failing to keep the court apprised of a current address, in part, because it was the least drastic sanction where any attempt to provide further notice would be a futile gesture).

For these reasons, the undersigned concludes that Plaintiff's IFP application should be denied as moot, and his action should be dismissed without prejudice for want of prosecution and for failure to comply with a court order.

### III.  CONCLUSION

#### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Plaintiff's IFP application be **DENIED** as moot, his action be **DISMISSED** without prejudice for want of prosecution and failure to comply with a court order, and this civil action be closed.  It is also recommended that Plaintiff's Motion for the Court to Provide Copies of Legal Documents be **DENIED** as moot.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

**DONE** at McALLEN, Texas, this 23rd day of February, 2017.

_____*Dorina Ramos*_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE